[No. 1858.]

## G. W. GOOSBY *v.* THE STATE.

TERMS OF THE DISTRICT COURT OF GILLESPIE COUNTY — STATUTES CONSTRUED.— By the act approved March 30, 1881, the terms of the district court of Gillespie county were fixed to commence on the twelfth Mondays after the first Mondays in March and September of each year.   By the act approved April 9, 1883, the terms of the said court were changed so as to commence on the tenth Mondays after the first Mondays in March and September of each year.   This last act, which took effect September 1, 1884, expressly repealed all laws and parts of laws in conflict with it.   Section 43 of the said act (General Laws, 18th Legislature, p. 63) provided "that the district courts in the several districts in this State shall be held by the district judges under and in accordance with the laws now in force, until the judges elected under this act shall qualify."   A *proviso* to the effect that no district judge for the thirty-third district, embracing Gillespie county, was to be elected at the election in 1884, is contained in section 39 of said act.   Construing the several sections of this act together, it is *held* that the term of the district court of Gillespie county which commenced on the tenth Monday after the first Monday in September, 1884, was a legal term, and that the *proviso* in section 39 was intended to apply only to those districts in which judges were to be chosen at the election of 1884.   See the opinion on the question.

*Habeas corpus* on appeal from the District Court of Gillespie. Tried below before the Hon. J. C. Townes.

The appellant was held on a *capias* issued by the district court of Gillespie county on an indictment charging him with the offense of selling mortgaged property with intent to defraud.   On the hearing, the appellant was remanded to the custody of the sheriff.

On the hearing of this application for *habeas corpus*, the following proof was adduced:

1. That the term of the district court at which the applicant was indicted was commenced and held on the 10th day of November, 1884.

2. That the indictment, on which the *capias* by virtue whereof the defendant is held, was presented to the court on the 10th day

of November, 1884, by a grand jury impaneled and sitting at said term of court commenced on the 10th day of November, 1884.

3. True copies of the said *capias* and indictment were attached to the application for *habeas corpus*.

*Cooley & Moursund* and *J. T. Estell*, for the applicant.

*J. H. Burts*, Assistant Attorney General, for the State.

Willson, Judge. By the act approved March 30, 1881, the terms of the district court of Gillespie county were fixed to commence on the twelfth Mondays after the first Mondays in March and September of each year. (Genl. Laws, 17th Leg., p. 78, sec. 9.) By a subsequent act of the Legislature, approved April 9, 1883, the terms of said court in said county were changed to begin on the *tenth* Mondays after the first Mondays in March and September of each year. (Genl. Laws, 18th Leg., p. 63, sec. 33.) This last act took effect September 1, 1884, for the purpose of ordering and holding the elections therein authorized, etc. (Sec. 43.) It expressly repealed all laws and parts of laws in conflict with it. (Sec. 45.) It provided "that the district courts in the several counties in this State shall be held by the district judges, under and in accordance with the laws *now in force, until the judges elected under this act shall qualify."* (Sec. 43.) It expressly provided that there was to be no district judge elected for the thirty-third district, the district in which Gillespie county is embraced, at the election in 1884. (Sec. 39.)

Construing the several provisions of this statute together, we are clearly of the opinion that the term of the district court of Gillespie county, which commenced on the tenth Monday after the first Monday in September last, is a legal term. The *proviso* in section 39, above recited, is not intended to apply to the terms of the district courts in the thirty-third judicial district, because there was to be no judge elected in that district under the provisions of that act. Said *proviso* could only apply to the districts in which judges were required to be elected at the last general election. Any other construction would leave the county of Gillespie, and other counties in said district, without any legal terms of said court, because the former law prescribing such terms was by this act expressly repealed. While the act is not free from ambiguity, and cannot be commended as accurate legislation, still we think the intention of the Legislature is sufficiently apparent, that, from and after said act went into effect, the terms of the district court in the counties com-

posing the thirty-third judicial district should commence and continue as therein provided.

We concur in the conclusions of the learned judge of that district, in holding that the term of the court at which the indictment in this cause was presented commenced at the time prescribed by the law now in force, and is a legal term of said court. This being the only question in the case, the judgment of the district court refusing to discharge the prisoner from custody is affirmed.

*Affirmed.*

[Opinion delivered November 19, 1884.]